**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION**

| | | |
|---|---|---|
| **RONNIE D. REDDEN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action Nos. 1:18-00751** |
| | ) | |
| **MICHEAL MARTIN, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the following: (1) Petitioner's "Motion for Leave to File Amended Complaint" (Document No. 11), filed on May 25, 2018; (2) Petitioner's "Motion to Reset Federal Clock or Timeline" (Document No. 12), filed on May 25, 2018; and (3) Respondent's "Motion to Dismiss for Lack of Jurisdiction" (Document No. 20), filed on July 24, 2018. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 5.) Having thoroughly examined the record in this case, the undersigned respectfully recommends that the District Court deny Petitioner's Motion for Leave to Amend as futile, grant Respondent's "Motion to Dismiss for Lack of Jurisdiction," and deny Petitioner's "Motion to Reset Federal Clock or Timeline" as moot.

## PROCEDURAL HISTORY

**A.     Criminal Action No. 95-F-153:**

On January 17, 1996, Petitioner was convicted of first-degree sexual assault. State v. Redden, Case No. 95-F-153; (Document No. 3-6, p. 3.) Petitioner appealed his conviction to the Supreme Court of Appeals of West Virginia ["WVSCA"] arguing that the Circuit Court erred in

finding that Petitioner knowingly, intelligently, and voluntarily waived his right to a jury trial. On May 29, 1997, the WVSCA issued an opinion affirming the decision of the Circuit Court of Mercer County. State v. Redden, 199 W.Va. 660, 487 S.E.2d 318 (1997). Petitioner did not file a Petition for Writ of *Certiorari* in the United States Supreme Court.

**B.      First Section 2254 Petition:**

On December 13, 2005, Petitioner, proceeding *pro se*, filed his first Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody. Redden v. McBride, Civil Action No. 1:05-1147 (S.D.W.Va. Aug. 1, 2006), Document No. 1. In his Petition, Petitioner challenged the validity of the convictions obtain against him in two separate cases in the Circuit Court of Mercer County (Case Nos. 92-F-77 and 95-F-153). Id. By Proposed Findings and Recommendation entered on June 28, 2006, United States Magistrate Judge R. Clarke VanDervort recommended that Petitioner's Section 2254 Petition be denied as untimely. Id., Document No. 7. Petitioner filed his Objections on July 3, 2006. Id., Document No. 8. By Memorandum Opinion and Order entered on August 1, 2006, United States District Judge David A. Faber overruled Plaintiff's Objections, adopted Judge VanDervort's recommendation, and dismissed Petitioner's Section 2254 Petition as untimely. Id., Document No. 9; Redden v. McBride, 2006 WL 2189727 (S.D.W.Va. Aug. 1, 2006). Petitioner did not file an appeal with the Fourth Circuit Court of Appeals.

**D.      First State *Habeas* Petition:**

In 2008, Petitioner filed his first State *habeas* petition raising errors related to both his 1992 and 1996 convictions.[1] (Document No. 11-2.) Specifically, Petitioner alleged the following

---

[1] The undersigned notes that Petitioner filed a prior State *habeas* petition wherein he challenged only his 1992 conviction. *Redden v. Trent*, Case No. 93-C-1656 (Cir. Ct. Mercer Co. March 10, 1994).

2

grounds of error: (1) ineffective assistance of trial counsel; (2) the trial court improperly admitted 404(b) evidence; (3) ineffective assistance of appellate counsel; (4) denial of a jury trial; (5) failure of counsel to take an appeal; (6) defects in the indictment; (7) claims concerning use of informers to convict; and (8) sufficiency of evidence. (Id.) After conducting an omnibus hearing, the Circuit Court denied Petitioner's *habeas* petition on December 16, 2010. (Id.) Petitioner appealed the Circuit Court's decision. (Document Nos. 11-2, 11-3, 11-4, and 11-5.) On April 16, 2012, the WVSCA issued a memorandum decision affirming the decision of the Circuit Court of Mercer County. Ronnie R. v. Ballard, 2012 WL 3055682, * 2 – 3 (W. Va. April 16, 2012).

**E.    Second State *Habeas* Petition:**

On April 1, 2013, Petitioner filed his second State *habeas* petition again challenging both his 1992 and 1996 convictions. (Document No. 3-2, p. 2 and Document No. 3-6.) Specifically, Petitioner argued that his prior trial counsel and *habeas* counsel were ineffective. (Id.) On May 16, 2016, the Circuit Court denied Petitioner's *habeas* petition without conducting an evidentiary hearing. (Id.) Specifically, the Circuit Court determined that Petitioner's *habeas* petition attempted to relitigate issues resolved in prior proceedings that had "been final upon the merits for many years." (Id.) Petitioner filed his appeal arguing that the Circuit Court erred in denying his *habeas* petition without conducing an evidentiary hearing. (Document No. 3-2, p. 2) By Memorandum Decision entered on September 5, 2017, the WVSCA affirmed the Circuit Court's decision. Ronnie R. v. Ballard, Case No. 16-0565 (W.Va. Sep. 5, 2017); (Document No. 3-2, pp. 1 – 5.) By Order entered on November 14, 2017, the WVSCA denied Petitioner's petition for rehearing. (Id., p. 6.)

**F.    Second Section 2254 Petition:**

On April 30, 2018, Petitioner, acting *pro se*, filed the instant Petition Under 28 U.S.C. §

2254 for Writ of *Habeas Corpus* By a Person in State Custody challenging his 1996 conviction[2]
(Case No. 95-F-153).[3] (Civil Action No. 1:18-00751, Document Nos. 3, 3-1, and 3-9.) In his
Petition, Petitioner alleges the following grounds for *habeas* relief: (1) Ineffective assistance of
trial counsel; (2) Ineffective assistance of appellate counsel; and (3) Ineffective assistance of
*habeas* counsel. (Id.)

As Exhibits, Petitioner attaches the following: (1) A copy of the WVSCA's "Memorandum
Decision" as filed in Ronnie R. v. Ballard, Case No. 16-0565 on September 5, 2017 (Document
No. 3-2, pp. 1 – 6 and Document No. 3-4, pp. 10 - 14.); (2) A copy of the WVSCA's Order dated
November 14, 2017, denying Petitioner's petition for rehearing in Ronnie R. v. Ballard, Case No.
16-0565 (Document No. 3-2, p. 6.); (3) A copy of Respondent's "Summary Response" as filed
with the WVSCA in Ronnie R. v. Ballard, Case No. 16-0565 (W.Va. Sept. 5, 2017) (Document
No. 3-3.); (4) A copy of an e-mail from Respondent's counsel to Petitioner's counsel dated
November 22, 2016, regarding the contents of the Appendix Record in Ronnie R. v. Ballard, Case
No. 16-0565 (W.Va. Sept. 5, 2017) (Document No. 3-4, p. 2.); (5) A copy of Petitioner's Notice
of Appeal as filed by counsel with the WVSCA in Ronnie R. v. Ballard, Case No. 16-0565 (W.Va.
Sept. 5, 2017) (Id., pp. 3 – 9.); (6) A copy of Petitioner's Brief as filed by counsel in Ronnie R. v.
Ballard, Case No. 16-0565 (W.Va. Sept. 5, 2017) (Document No. 3-5.); (7) A copy of the Circuit
Court's "Order Summarily Denying Petition for Writ of Habeas Corpus" as filed in Civil Action

---

[2] The undersigned notes that Petitioner filed two Section 2254 Petition with this Court on the same
day. In Civil Action No. 1:18-cv-0749, Petitioner challenges his 1992 conviction. In Civil Action
No. 1:18-cv-0751, Petitioner challenges his 1996 conviction.

[3] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a
less stringent standard than if they were prepared by a lawyer, and therefore they are construed
liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

No. 13-C-123 on May 16, 2016 (Document No. 3-6.); and (8) A copy of Petitioner's "Amended Petition for Writ of Habeas Corpus" and Memorandum in Support, Losh List, and the State's Response as filed in the Circuit Court in Civil Action No. 08-C-398 (second State *habeas*) (Document Nos. 3-7, 3-8, 3-10.).

By Order entered on May 3, 2018, the undersigned directed Respondent to file a limited Response addressing the timeliness of Petitioner's Petition. (Document No. 8.) On May 25, 2018, Petitioner filed a "Motion to Reset Federal Clock or Timeline." (Document No. 12.) In support, Movant states as follows: (1) Petitioner was "resentenced" in 2008 or 2009 because Huttonsville Correctional Center "messed up my parole date;" and (2) Petitioner presented "new evidence" of ineffective assistance of counsel in his third State *habeas* petition. (Id.)

On July 12, 2018, Petitioner filed his Motion for Leave to Amend Petition. (Document No. 17.) Specifically, Petitioner requested permission to supplement his Petition to include an excessive sentence claim. (Id.) As an Exhibit, Petitioner attached a copy of his Supplemental Petition. (Document Nos. 17-1 and 19.) By Order entered on July 16, 2018, the undersigned granted Petitioner's Motion for Leave to Amend Petition. (Document No. 18.)

On July 24, 2018, Respondent filed his "Motion to Dismiss for Lack of Jurisdiction" and Memorandum in Support. (Document Nos. 20 and 21.) Specifically, Respondent contends that Petitioner's Section 2254 Petition must be dismissed as second or successive. (Id.) As an Exhibit, Respondent attaches a copy of Redden v. McBride, 2006 WL 2189727 (S.D.W.Va. Aug. 1, 2006), wherein this Court denied Petitioner's prior Section 2254 Petition as untimely. (Document No. 20-1.) On July 25, 2018, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner, advising him of his right to file a response to Respondent's request for dismissal. (Document No. 22.) On August 14, 2018, Petitioner filed his Response in Opposition.

(Document No. 23.) As Exhibits, Petitioner attaches the following: (1) A copy of a letter addressed to the Fayette County District Attorney regarding incidents occurring at Mount Olive Correctional Center (Document No. 23-1, pp. 1 – 12.); (2) A copy of the Circuit Court's Docket Sheet for <u>State v. Redden</u>, Case No. 92-F-77 (<u>Id.</u>, pp. 13 – 17.); (3) A copy of the Circuit Court's Docket Sheet for <u>State v. Redden</u>, Case No. 95-F-153 (<u>Id.</u>, pp. 18 – 20.); (4) A copy of the Circuit Court's Docket Sheet for <u>Redden v. Waid</u>, Case No. 08-C-398 (<u>Id.</u>, pp. 21 – 25.); (5) A copy of the Circuit Court's Docket Sheet for <u>Redden v. Ballard</u>, Case No. 13-C-123 (<u>Id.</u>, pp. 26 – 27.); and (6) A copy of the WVSCA's Docket Sheet for <u>Ronnie R. v. Ballard</u>, Case No. 16-0565 (<u>Id.</u>, p. 28.).

## <u>ANALYSIS</u>

1.    **Motion to Amend:**

In his "Motion for Leave to File Amended Complaint" and "Proposed Amended Complaint," Plaintiff states that he wishes to amend his Section 2254 Petition to include a claim of ineffective assistance of *habeas* counsel against J. McFadden. (Document Nos. 11 and 11-1.)

Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure provides that a party may amend his pleadings "once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[A] motion to amend should be denied only where it would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." <u>Marfork Coal Co. v. Smith</u>, 2011 WL 744727 (S.D.W.Va. Feb. 23, 2011)(J. Berger)(citations omitted). Based on a review of the record, the Court finds Plaintiff's Motion for

Leave to Amend should be denied as the amendment would be futile. For reasons more fully explained below, Petitioner's instant Section 2254 Petition must be denied as successive. Furthermore, a federal *habeas* court generally cannot grant relief based on errors occurring during State collateral review proceedings, including the alleged ineffective assistance of *habeas* counsel. See Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998). The undersigned, therefore, finds that Petitioner's proposed amendment would be futile. Accordingly, the undersigned respectfully recommends that Petitioner's "Motion for Leave to File Amended Complaint" (Document No. 11) be denied.

**2.      Motion to Dismiss:**

In his "Motion to Dismiss for Lack of Jurisdiction" and Memorandum in Support, Respondent argues that Petitioner's Section 2254 Petition must be dismissed as second or successive. (Document Nos. 20 and 21.) Respondent explains that Petitioner filed a prior Section 2254 Petition challenging his underlying conviction in Case No. 95-F-153, which was dismissed as untimely in Redden v. McBride, 2006 WL 2189727 (S.D.W.Va. Aug. 1, 2006). (Id.) Respondent further notes that Petitioner has failed to demonstrate that he has obtained authorization from the Fourth Circuit to file a successive Section 2254 petition. (Id.) Accordingly, Respondent argues that Petitioner's instant Section 2254 Petition must be dismissed as successive. (Id.)

In his Response, Petitioner fails to specifically address Respondent's claim that his instant Section 2254 Petition is successive. (Document No. 23.) Instead, Petitioner first requests that this Court direct that Petitioner be "temporarily moved back into the jurisdiction of this U.S. Federal Court of Bluefield, W. Va., so that this honorable court can preside over this case." (Document No. 23, p. 1.) Petitioner contends that this Court "should order that Petitioner be moved back to Mt. Olive prison, [or the Southern Regional Jail], so that this case could be adjudicated." (Id.)

Second, Petitioner argues that the "federal clock" should be restarted based upon trial counsel and appellate counsel's failure to present evidence of the victim's second recanting of allegations against Petitioner. (Id., p. 2.) Third, Petitioner contends that the "federal clock" should be "reset" because Petitioner "was told by inmate legal law workers at Mt. Olive that [he] had to wait until all state civil actions were adjudicated before [he] could file a federal habeas corpus writ." (Id., pp. 3 – 6.) Finally, Petitioner argues that the "federal clock" should be "reset" based upon the alleged ineffectiveness of *habeas* counsel. (Id., p. 6.)

The Court finds that Petitioner's instant Section 2254 Petition should be deemed to constitute a second or successive Section 2254 application and dismissed. The record reveals that Petitioner filed his first Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody on December 13, 2005. Redden v. McBride, Civil Action No. 1:05-01147 (S.D.W.Va. Aug. 1, 2006). A subsequent petition is considered to be successive if the first petition was dismissed on the merits. Slack v. McDaniel, 529 U.S. 473, 485-89, 120 S.Ct. 1595, 1604-07, 146 L.Ed.2d 542 (2000); Harvey v. Horan, 278 F.3d 370 (4th Cir. 2002), *abrogated on other grounds by* Skinner v. Switzer, 562 U.S. 1289, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). By Memorandum Opinion and Judgment Order entered on August 1, 2006, District Judge Faber adopted Judge VanDervort's recommendation and dismissed Petitioner's Section 2254 Petition as untimely. Redden v. McBride, Civil Action No. 1:05-01147 (S.D.W.Va. Aug. 1, 2006), Document No. 9. Accordingly, the undersigned finds that Petitioner's Section 2254 Petition as filed in Civil Action No. 1:05-01147 was dismissed on the merits. See In re Rains, 659 F.3d 1274, 1275 (10th Cir. 2011)(finding that the dismissal of petitioner's first *habeas* petition as time-barred was a decision on the merits and any subsequent *habeas* petition would be second or successive); In re Flowers, 595 F.3d 204, 205 (5th Cir. 2009)(per curiam)(finding that petitioner's first Section 2254

petition dismissed as untimely renders subsequent petition second or successive); <u>McNabb v. Yates</u>, 576 F.3d 1028, 1030 (9th Cir. 2009)("We hold that the dismissal of a *habeas* petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)."); <u>Villanueva v. United States</u>, 346 F.3d 55, 61 (2nd Cir. 2003)(finding that a *habeas* petition properly dismissed as untimely constitutes an adjudication on the merits for successive purposes); <u>also see</u> <u>Leatherwood v. Perry</u>, 2015 WL 4756984, * 3 (W.D.N.C. Aug. 12, 2015)(same); <u>Newsome v. United States</u>, 2013 WL 11531648, * 3 (E.D.Va. Sept. 25, 2013)(same); <u>Griffin v. Padula</u>, 518 F.Supp.2d 680, 687 (D.S.C. 2007)(same).

Title 28 U.S.C. § 2244(b) provides as follows:

(1)   A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application should be dismissed.

(2)   A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless - -

(A)   the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review the Supreme Court, that was previously unavailable; or

(B)(i)   the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii)   the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b). Petitioner, however, makes no argument that (1) he is relying on "a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court," or (2) that the factual predicate for his current claims could not have been previously discovered through

the "exercise of due diligence" and those facts "establish by clear and convicting evidence that, but for constitutional error, no reasonable factfinder" would have found Petitioner guilty. The record clearly reveals that the factual predicate for grounds asserted in Petitioner's instant *habeas* petition were known, or could have been discovered through the exercise of due diligence, at the time Petitioner filed his first Federal *habeas* petition.[4] The undersigned, therefore, finds that Petitioner's instant Petition is successive as Petitioner has failed to satisfy any of the exceptions under Section 2244(b)(2).

Furthermore, Section 2244(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A). Petitioner has provided no evidence that he obtained authorization from the Fourth Circuit to file a successive Section 2254 petition. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003)("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.") Accordingly, the undersigned finds that this matter must be deemed to constitute a second or successive Section 2254 petition and dismissed[5] pursuant to 28 U.S.C. § 2244(b) because Petitioner has not obtained

---

[4] Petitioner appears to indicate that he has "new evidence" of the victim recanting. The undersigned notes that Petitioner's argument concerning the recanting of the victim related to his 1992 conviction – not his 1996 conviction that is the subject of the above *habeas*. Furthermore, the record reveals that Petitioner alleged the discovery of this same "new evidence" during his 2008 State *habeas* proceedings and the Circuit Court specially found that this "new evidence" was addressed in Petitioner's 1994 State *habeas* proceeding. (Document No. 3-6, pp. 4 – 5 and Document No. 11-2, p. 7.)

[5] The undersigned declines to transfer the instant Petition to the Fourth Circuit Court of Appeals as there is no indication or argument that Petitioner can satisfy Section 2244(b)(2). *See Winestock*, 340 F.3d at 205(regarding state prisoners, the court of appeals examines the application to

10

the authorization of the Fourth Circuit Court of Appeals to proceed with his claims in the District Court. The undersigned finds it unnecessary to address Petitioner's "Motion to Reset Federal Clock or Timeline" (Document No. 12), and respectfully recommends that the Motion be denied as moot.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Petitioner's "Motion for Leave to File Amended Complaint" (Document No. 11), **GRANT** Respondent's "Motion to Dismiss for Lack of Jurisdiction" (Document No. 20), **DENY as moot** as Petitioner's "Motion to Reset Federal Clock or Timeline" (Document No. 12), and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

---

determine whether it contains any claim that satisfies Section 2244(b)(2).); *In re Wright*, 826 F.3d 774 (4th Cir. 2016)(finding that petitioner did not meet the requirements for authorization to file a second successive application because petitioner's claims did not rely "on a new rule of constitutional law," or that the "factual predicate for his claims could not have been discovered previously through the exercise of due diligence.")

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Faber, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner and counsel of record.

Dated: October 24, 2018.

Omar J. Aboulhosn
United States Magistrate Judge