IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

RONNIE REDDEN,

    Petitioner,

v.                                    CIVIL ACTION NO. 1:18-cv-00751

MICHAEL MARTIN, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

By Standing Order, this matter was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of proposed findings and recommendations ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 27).

Magistrate Judge Aboulhosn submitted to the court his PF&R on October 24, 2018, in which he recommended that the court deny petitioner's "Motion for Leave to File Amended Complaint" (ECF No. 11), grant respondent's "Motion to Dismiss for Lack of Jurisdiction" (ECF No. 20), Deny as moot petitioner's "Motion to Reset Federal Clock or Timelines" (ECF NO. 12), and remove this matter from the court's docket.

In accordance with 28 U.S.C. § 636(b), the parties were allotted seventeen days in which to file any objections to Magistrate Judge Aboulhosn's PF&R. The failure of any party to file such objections within the time allotted constitutes a

waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989). The petitioner filed a number of motions after the magistrate judge submitted his proposed findings and recommendations: Motion to Appeal Magistrate Omar Aboulhosn Recommendation (ECF NO. 29), Motion to Obtain Transcripts (ECF NO. 30), Motion to Obtain Statement (ECF No. 31), and Prayer of Relief (ECF No. 32). Based upon the petitioner's timely filing of these motions within the requisite time for filing objections to the PF&R and based upon the subject of the motions, the court construes these motions as objections to the magistrate judge's PF&R. The court reviews the petitioner's objections below.

## I. DISCUSSION

### a. Underlying Petition

The instant matter refers to the petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus.

In his proposed findings and recommendations, the magistrate judge thoroughly laid out the procedural history of the petitioner's relevant criminal cases and subsequent Habeas Corpus Petitions before the court. The background of the petitioner's petition is as follows:

#### i. Criminal Action No. 95-F-153:

On January 17, 1996, petitioner was convicted of first-degree sexual assault. State v. Redden, Case No. 95-F-153;

(Document No. 3-6, p. 3.). Petitioner appealed his conviction to the Supreme Court of Appeals of West Virginia ("WVSCA") arguing that the Circuit Court erred in finding that petitioner knowingly, intelligently, and voluntarily waived his right to a jury trial. On May 29, 1997, the WVSCA issued an opinion affirming the decision of the Circuit Court of Mercer County. State v. Redden, 199 W.Va. 660, 487 S.E.2d 318 (1997). Petitioner did not file a Petition for Writ of Certiorari in the United States Supreme Court.

ii. First Section 2254 Petition:

On December 13, 2005, petitioner, proceeding pro se, filed his first Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody. Redden v. McBride, Civil Action No. 1:05-1147 (S.D.W. Va. Aug. 1, 2006), (Document No. 1). In his Petition, petitioner challenged the validity of the sexual assault convictions obtained against him in two separate cases in the Circuit Court of Mercer County (Case Nos. 92-F-77 and 95-F-153). Id. By Proposed Findings and Recommendation entered on June 28, 2006, United States Magistrate Judge R. Clarke VanDervort recommended that petitioner's Section 2254 Petition be denied as untimely. Id., (Document No. 7). Petitioner filed his Objections on July 3, 2006. Id., Document No. 8. By Memorandum Opinion and Order entered on August 1, 2006, United States District Judge David A.

3

Faber overruled petitioner's Objections, adopted Judge VanDervort's recommendation, and dismissed petitioner's Section 2254 Petition as untimely. Id., (Document No. 9); Redden v. McBride, 2006 WL 2189727 (S.D.W. Va. Aug. 1, 2006). Petitioner did not file an appeal with the Fourth Circuit Court of Appeals.

### iii. First State Habeas Petition:

In 2008, Petitioner filed his first State habeas petition raising errors related to both his 1992 and 1996 convictions. (Document No. 11-2). Specifically, petitioner alleged the following grounds of error: (1) ineffective assistance of trial counsel; (2) the trial court improperly admitted 404(b) evidence; (3) ineffective assistance of appellate counsel; (4) denial of a jury trial; (5) failure of counsel to take an appeal; (6) defects in the indictment; (7) claims concerning use of informers to convict; and (8) sufficiency of evidence. Id. After conducting an omnibus hearing, the Circuit Court denied petitioner's habeas petition on December 16, 2010. Id. Petitioner appealed the Circuit Court's decision. (Document Nos. 11-2, 11-3, 11-4, and 11-5). On April 16, 2012, the WVSCA issued a memorandum decision affirming the decision of the Circuit Court of Mercer County. Ronnie R. v. Ballard, 2012 WL 3055682, * 2 – 3 (W. Va. April 16, 2012).

iv. Second State Habeas Petition:

On April 1, 2013, petitioner filed his second State habeas petition again challenging both his 1992 and 1996 convictions. (Document No. 3-2, p. 2 and Document No. 3-6). Specifically, petitioner argued that his prior trial counsel and habeas counsel were ineffective. Id. On May 16, 2016, the Circuit Court denied petitioner's habeas petition without conducting an evidentiary hearing. Id. Specifically, the Circuit Court determined that petitioner's habeas petition attempted to relitigate issues resolved in prior proceedings that had "been final upon the merits for many years." Id. Petitioner filed his appeal arguing that the Circuit Court erred in denying his habeas petition without conducing an evidentiary hearing. (Document No. 3-2, p. 2). By Memorandum Decision entered on September 5, 2017, the WVSCA affirmed the Circuit Court's decision. Ronnie R. v. Ballard, Case No. 16-0565 (W.Va. Sep. 5, 2017); (Document No. 3-2, pp. 1 – 5). By Order entered on November 14, 2017, the WVSCA denied petitioner's petition for rehearing. (Id., p. 6).

v. Second Section 2254 Petition:

On April 30, 2018, petitioner, acting pro se, filed the instant Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus By a Person in State Custody challenging his 1996 conviction (Case No. 95-F-153) (Civil Action No. 1:18-00751, Document Nos.

5

3, 3-1, and 3-9). In his Petition, petitioner alleges the following grounds for habeas relief: (1) Ineffective assistance of trial counsel; (2) Ineffective assistance of appellate counsel; and (3) Ineffective assistance of habeas counsel. Id.

As Exhibits, petitioner attaches the following: (1) A copy of the WVSCA's "Memorandum Decision" as filed in Ronnie R. v. Ballard, Case No. 16-0565 on September 5, 2017 (Document No. 3-2, pp. 1 – 6 and Document No. 3-4, pp. 10 - 14); (2) A copy of the WVSCA's Order dated November 14, 2017, denying petitioner's petition for rehearing in Ronnie R. v. Ballard, Case No. 16-0565 (Document No. 3-2, p. 6); (3) A copy of respondent's "Summary Response" as filed with the WVSCA in Ronnie R. v. Ballard, Case No. 16-0565 (W.Va. Sept. 5, 2017) (Document No. 3-3); (4) A copy of an e-mail from respondent's counsel to petitioner's counsel dated November 22, 2016, regarding the contents of the Appendix Record in Ronnie R. v. Ballard, Case No. 16-0565 (W.Va. Sept. 5, 2017) (Document No. 3-4, p. 2); (5) A copy of petitioner's Notice of Appeal as filed by counsel with the WVSCA in Ronnie R. v. Ballard, Case No. 16-0565 (W.Va. Sept. 5, 2017) (Id., pp. 3 – 9); (6) A copy of petitioner's Brief as filed by counsel in Ronnie R. v. Ballard, Case No. 16-0565 (W.Va. Sept. 5, 2017) (Document No. 3-5); (7) A copy of the Circuit Court's "Order Summarily Denying Petition for Writ of Habeas Corpus" as filed in Civil Action No. 13-C-123 on May 16, 2016 (Document No. 3-6);

and (8) A copy of petitioner's "Amended Petition for Writ of Habeas Corpus" and Memorandum in Support, Losh List, and the State's Response as filed in the Circuit Court in Civil Action No. 08-C-398 (second State habeas) (Document Nos. 3-7, 3-8, 3-10).

By Order entered on May 3, 2018, the undersigned directed respondent to file a limited response addressing the timeliness of petitioner's Petition. (ECF No. 8). On May 25, 2018, petitioner filed a "Motion to Reset Federal Clock or Timeline." (ECF No. 12). In support, movant states as follows: (1) petitioner was "resentenced" in 2008 or 2009 because Huttonsville Correctional Center "messed up my parole date;" and (2) petitioner presented "new evidence" of ineffective assistance of counsel in his third State habeas petition. Id.

On July 12, 2018, petitioner filed his Motion for Leave to Amend Petition. (ECF No. 17). Specifically, petitioner requested permission to supplement his Petition to include an excessive sentence claim. Id. As an Exhibit, petitioner attached a copy of his Supplemental Petition. (ECF Nos. 17-1 and 19). By Order entered on July 16, 2018, the magistrate judge granted petitioner's Motion for Leave to Amend Petition. (ECF No. 18).

On July 24, 2018, respondent filed his "Motion to Dismiss for Lack of Jurisdiction" and Memorandum in Support. (ECF Nos.

20 and 21). Specifically, respondent contends that petitioner's Section 2254 Petition must be dismissed as second or successive. Id. As an Exhibit, respondent attaches a copy of Redden v. McBride, 2006 WL 2189727 (S.D.W. Va. Aug. 1, 2006), wherein this Court denied petitioner's prior Section 2254 Petition as untimely. (ECF No. 20-1). On July 25, 2018, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to petitioner, advising him of his right to file a response to respondent's request for dismissal. (ECF No. 22). On August 14, 2018, petitioner filed his Response in Opposition. (ECF No. 23). As Exhibits, petitioner attaches the following: (1) A copy of a letter addressed to the Fayette County District Attorney regarding incidents occurring at Mount Olive Correctional Center (Document No. 23-1, pp. 1 – 12.); (2) A copy of the Circuit Court's Docket Sheet for State v. Redden, Case No. 92-F-77 (Id., pp. 13 – 17.); (3) A copy of the Circuit Court's Docket Sheet for State v. Redden, Case No. 95-F-153 (Id., pp. 18 – 20.); (4) A copy of the Circuit Court's Docket Sheet for Redden v. Waid, Case No. 08-C-398 (Id., pp. 21 – 25.); (5) A copy of the Circuit Court's Docket Sheet for Redden v. Ballard, Case No. 13-C-123 (Id., pp. 26 – 27.); and (6) A copy of the WVSCA's Docket Sheet for Ronnie R. v. Ballard, Case No. 16-0565 (Id., p. 28.).

   b. Petitioner's Motion to Appeal Magistrate Judge Omar
    Aboulhosn's Proposed Findings and Recommendations.

8

The petitioner's objection to the magistrate judge's PF&R can be summarized as follows: the petitioner contends there is a "conflict of interest" because Judge Omar Aboulhosn allegedly ruled over the petitioner's preceding criminal cases and found that that all attorneys were ineffective, and Sidney Bell was appointed to represent him. (ECF No. 29). Based upon this alleged ruling, the petitioner argues that Judge Derrick Swope's later ruling that the petitioner's counsel was not ineffective is subject to the precedent of Judge Alboulhosn's ruling, and "allows for a writ of habeas corpus to be filed" and "resets time clock, be back under court jurisdiction . . .." (ECF No. 29, p. 2).

The petitioner erroneously claims the Judge Omar Aboulhosn ruled that the petitioner's counsel was ineffective in a prior proceeding. No court presiding over the petitioner's case has ever made such a finding.[1] Therefore, the petitioner's argument that he has been subject to double jeopardy "when Judge Swope denied habeas corpus when Judge Omar Aboulhosn proceeded and already ruled in favor of petitioner on ineffective assistance of counsel . . .." is without merit. (ECF No. 32, p. 2).

---

[1] The petitioner argues that Magistrate Judge Aboulhosn "found all trial, appeal, and habeas lawyers to be ineffective. . . in the cases # 95-F-153 and 92-F-77." ECF No. 31

9

The petitioner makes an additional objection that his "time clock" to file a habeas corpus petition be reset and "the repetitive filing be overturned and dismissed." (ECF No. 32, p. 1). The petitioner bases his argument solely on the fact that he allegedly first received a ruling that he had ineffective counsel and later was told by Judge Swope that his counsel was not ineffective. Id. Because no court presiding over the petitioner has even made such a finding, i.e., he had ineffective counsel, the petitioner's objection to the magistrate judge's finding that the petitioner's instant Section 2254 Petition should be deemed as a second or successive Section 2254 application and be dismissed is without merit.

Because the court finds that the petitioner's "conflict of interest" argument is not based upon any recorded evidence and is clearly inaccurate, the petitioner's Motion to Appeal Magistrate Omar Aboulhosn Recommendation (ECF NO. 29), Motion to Obtain Transcripts (ECF NO. 30), Motion to Obtain Statement (ECF No. 31), and Prayer of Relief (ECF No. 32) are **DENIED**.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the

10

constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

## II. CONCLUSION

**For the reasons set forth above, the court hereby DENIES** petitioner's "Motion for Leave to File Amended Complaint" (ECF No. 11); **GRANTS** respondent's "Motion to Dismiss for Lack of Jurisdiction" (ECF No. 20); **DENIES** as moot petitioner's "Motion to Reset Federal Clock or Timelines" (ECF No. 12); **DENIES** petitioner's Motion to Appeal Magistrate Omar Aboulhosn Recommendation (ECF No. 29); **DENIES** Motion to Obtain Transcripts (ECF No. 30); **DENIES** Motion to Obtain Statement (ECF No. 31); and **DENIES** Prayer of Relief (ECF No. 32), and removes this matter from the court's docket.

The Clerk is further directed to forward a certified copy of this Judgment Order to petitioner, pro se and to counsel of record.

It is **SO ORDERED** this 29th day of March, 2019.

**ENTER:**

David A. Faber
Senior United States District Judge